IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Antoine Lamont Williams, )
    Petitioner, )
 )
v. ) 1:09cv369 (CMH/JFA)
 )
Jeffery Dillman, )
    Respondent. )

FILED MAR - 1 2010 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Antoine Lamont Williams, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for possession with intent to distribute cocaine and distribution of a controlled substance on school property in the Circuit Court for the City of Portsmouth, Virginia. Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion, and a Notice pursuant to Local Civil Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), on July 27, 2009. Despite being given twenty days to file a response, petitioner has not filed any response with this Court. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion will be granted.

### I Background

On July 21, 2006, petitioner was convicted in the Circuit Court of the City of Portsmouth, of one count of possession with intent to distribute cocaine and one count of distribution of a controlled substance on school property. Trial Tr. 3, 39. The testimony at trial showed that on January 6, 2006, Naval Criminal Investigative Services ["NCIS"] was conducting a joint operation with the Portsmouth Police Department. Trial Tr. 8. NCIS Agent Richard McMorris testified that on that date, he was driving an unmarked vehicle and saw petitioner on the street. Trial Tr. 9.

McMorris stopped and asked petitioner "did he have a twenty, referring to $20 worth of crack cocaine." Trial Tr. 9-10. Petitioner acknowledged that he did, reached into his coat pocket and pulled out a clear plastic bag with a hard white substance, later confirmed to be cocaine, and handed it to McMorris, who gave petitioner a twenty dollar bill. Trial Tr. 10, 36. McMorris then returned to the staging area for the joint operation, turned the drugs over to a Portsmouth detective, and put out a description of petitioner to surrounding police units in the area. Trial Tr. 10.

Officer S.W. Johnson of the Portsmouth Police Department, who observed the drug purchase, testified that he saw petitioner at the agent's car, and then watched petitioner walk away from the car, into a house on the street where the purchase occurred, and then later exit the house. Trial Tr. 18. Johnson further testified that a third officer named Wynne approached petitioner, asked for his biographical information, and discovered it was not on file. Trial Tr.18-19. When Wynne asked petitioner why he provided false information, petitioner took off running. Trial Tr.19, 29. Officer Wynne pursued petitioner, and ultimately apprehended him. Trial Tr. 19-20. Johnson also testified that the area in which the drug transaction occurred was within 1,000 feet of an elementary school. Trial Tr. 20.

On July 31, 2006, petitioner was sentenced to twenty years in prison with ten years suspended for possession with intent to distribute, and five years in prison with four years suspended for distribution of a controlled substance within one hundred yards of a school. Petitioner appealed his conviction to the Court of Appeals of Virginia, asserting only that the trial court "used unproven assumptions to arrive at its sentence," specifically regarding comments about sales of drugs to children. Williams v. Commonwealth, No. 1905-06-1 (Va. Ct. App. Aug. 14, 2007). The Court of Appeals found that petitioner failed to object at trial, therefore it would not address the issue on

appeal for the first time, pursuant to Rule 5A:18 of the Rules of the Supreme Court of Virginia. Id. Petitioner then appealed to the Supreme Court of Virginia, which refused the petition for appeal on January 11, 2008. Williams v. Commonwealth, No. 071859 (Va. Jan. 11, 2008).

On August 20, 2008, petitioner filed a state petition for a writ of habeas corpus in the Supreme Court of Virginia, raising the following claims:

1. He was denied effective assistance of counsel because counsel failed to object when at sentencing, the judge commented that "people like you are ruining our society out there selling [drugs] to kids;"

2. He was denied effective assistance of counsel because several conflicts of interest existed between petitioner and counsel;

3. The trial court erred by basing its sentence on the erroneous assumption that petitioner sold drugs to children and by sentencing petitioner outside of the range stated in the sentencing guidelines;

4. He was denied the effective assistance of counsel because counsel failed to object to the discrepancies in the testimony of two officers regarding whether anyone was near petitioner at the time he was arrested;

5. The prosecution brought forth witnesses with unreliable testimony; and

6. The evidence and sentencing guidelines were inadmissible pursuant to the "fruits-of-the-poisonous-tree doctrine."

Williams, No. 071859. The Supreme Court of Virginia held that petitioner's first claim failed to satisfy the prejudice prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Id. It also held that petitioner's second and fourth claims failed to satisfy both the performance and prejudice prongs of Strickland. Id. Additionally, the Court found that petitioner's third, fifth, and sixth claims were procedurally barred pursuant to Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), because they were matters that could have been raised at trial and on direct appeal, and therefore were not cognizable in a petition for a writ of habeas corpus. Id.

On April 7, 2009, petitioner filed the instant petition, raising four claims. In Claim A(1), petitioner alleges that he was denied the effective assistance of counsel when counsel failed to have the Commonwealth produce video footage of the drug sale after one of the officers testified that the car used during the sale had video-monitoring equipment mounted to it. Pet. 1-2. In Claim A(2), petitioner alleges that he was denied the effective assistance of counsel because counsel failed to correct the trial judge when he "insinuated that the petitioner sold drugs to kids." Pet. 4. Petitioner alleges in Claim A(3) that counsel was ineffective for failing to object when the prosecution's witnesses made contradictory statements at trial. Pet. 6-7. Finally, in Claim B(1), petitioner alleges that the trial judge relied on materially false or unreliable information to inflict a harsher punishment on him at sentencing. Pet. 9.

By Order dated July 16, 2009, the petition was served on respondent, who was ordered to show cause why the writ should not be granted. Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion, and a Roseboro Notice, informing petitioner he had twenty days to file a response to the Motion to Dismiss. Petitioner has not filed any such response.

## II. Procedural Default

Claim A(1) - Ineffective Assistance of Counsel:

The Court finds that Claim A(1) must be dismissed because it is procedurally defaulted and barred from federal review. In reviewing a petition brought pursuant to 28 U.S.C. § 2254, a federal court must determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust requires dismissal from federal court so that the petitioner may present his

4

claims to the state courts. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (I) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition.

This does not end the exhaustion analysis because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

Here, petitioner failed to raise Claim A(1), alleging ineffective assistance of counsel for failing to have the Commonwealth produce video footage of the crime, in his state habeas corpus petition in the Supreme Court of Virginia. Nonetheless, Claim A(1) still would be treated as exhausted because petitioner now is precluded from bringing this claim in state court. Specifically, this claim would be procedurally defaulted under Virginia Code § 8.01-654(B)(2) (bar on successive petitions containing allegations of fact which were known to petitioner at the time of petitioner's first filing). Therefore, Claim A(1) is simultaneously exhausted and defaulted for the purposes of federal

habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Where, as here, a claim is both exhausted and defaulted for the purposes of federal habeas review, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). Here, petitioner has failed to reply to respondent's Motion to Dismiss, and has not attempted to show cause for the procedural default. As a result, Claim A(1) will be dismissed as procedurally defaulted and barred from federal review.

Claim B(1) - Improper Considerations in Determining Sentencing:

The Court also finds that federal review of Claim B(1) is barred because the claim is procedurally defaulted and petitioner has failed to show cause for this default. Specifically, petitioner's counsel failed to preserve properly the issue of the judge's comments during petitioner's sentencing at that hearing and, as a result, the Court of Appeals expressly determined that the claim was barred from appellate review pursuant to Rule 5A:18 of the Rules of the Supreme Court of Virginia.[1] See Williams, No. 1905-06-1. This finding of procedural default is entitled to a

---

[1] Rule 5A:18 states that "no ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ." Va. Sup. Ct. Rule 5A:18. The rule further explains that "a mere statement that the judgment

6

presumption of correctness, Clanton, 845 F.2d at 1241 (citing 28 U.S.C. § 2254(d)), because the Court of Appeals explicitly relied on the procedural ground in Rule 5A:18 to deny petitioner relief, and that rule is an independent and adequate state ground for denying relief. Harris, 489 U.S. at 260, 262-63; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). First, Rule 5A:18 is substantially identical to the contemporaneous objection rule applied in the Supreme Court of Virginia, Rule 5:25, which the United States Court of Appeals for the Fourth Circuit has determined is an independent and adequate state procedural rule. See Weeks v. Angelone, 176 F.3d 249, 270 (4th Cir.1999). Second, although there is no published authority on the issue, both the Fourth Circuit and the Eastern District of Virginia have held in unpublished opinions that Rule 5A:18 is an independent and adequate ground for denying relief. See King v. Dean, 955 F.2d 41, 1992 WL 29295, at n.* (4th Cir. 1992) (table); Cephas v. Johnson, 2009 WL 1491424, at *3 (E.D. Va. 2009); Chandler v. Angelone, 2002 WL 32514958, at *8 (E.D. Va. 2002). Thus, because petitioner's claim was determined to be barred pursuant to Rule 5A:18 by the Court of Appeals of Virginia, petitioner's identical claim in the instant petition is procedurally defaulted.[2]

As explained above, where a petitioner's claim is procedurally defaulted, the claim can only be reviewed upon a showing of cause and prejudice or a fundamental miscarriage of justice. See

---

... is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal." Id.

[2] The Court notes that petitioner also raised this claim in his state habeas corpus petition, and the Supreme Court of Virginia found that the claim was procedurally barred pursuant to Slayton. The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Thus, even if the Court of Appeals had not determined that the claim was procedurally defaulted, the claim still would be defaulted pursuant to Slayton, and thus barred from federal review without a showing of cause and prejudice.

7

Harris, 489 U.S. at 260. As already noted, petitioner failed to respond to the Motion to Dismiss, or present any argument to demonstrate cause and prejudice. As a result, Claim B(1) also is procedurally defaulted and barred from federal review, and must be dismissed.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410.

### IV. Merits

The Court finds that petitioner's two remaining claims of ineffective assistance of trial counsel should be dismissed, because the Supreme Court of Virginia's dismissal of petitioner's claims was neither contrary to, nor an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984), nor was it based upon an unreasonable determination of the facts. 28 U.S.C. §

2254(d). To establish ineffective assistance of counsel, a petitioner must show (1) that "counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defendant." Strickland, 466 U.S. at 687.

To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Thus, a petitioner must prove that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

Furthermore, even if counsel committed some error, including a "professionally unreasonable" error, the judgment may only be set aside if the error had an actual effect on the judgment. Strickland, 466 U.S. at 691. Thus, for a court to find counsel's performance constituted ineffective assistance, "any deficiencies in counsel's performance must be prejudicial to the defense . . . ." Id. at 692. It is not enough for a petitioner "to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. Rather, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694 (explaining that "a reasonable probability is a probability sufficient to undermine confidence in the outcome").

Ultimately, "failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700. A successful petition must show both, as they are "separate and distinct elements" of the claim. Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). Moreover, a court does not need to review the reasonableness of counsel's

performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In Claim A(2), which petitioner raised as his first claim in his state habeas corpus petition, petitioner asserts that "the trial judge insinuated that the petitioner sold drugs to kids," and that although petitioner's counsel "had ample opportunities to correct the trial judge's incorrect statements, he did not . . . ." Pet. 4. Petitioner cites to a statement made by the judge at the sentencing hearing, in which the judge stated that petitioner was "out there making a living selling drugs," and that "people like [petitioner] are ruining our society out there selling to kids, and anybody else who will buy, but particularly kids." Sentencing Tr. 8:6-13. Petitioner alleges that this statement "is the reason the trial judge sentenced petitioner to a harsher sentence, because he thought petitioner 'sold drugs to kids.'" Pet. 4. Petitioner alleges that there was no evidence he had sold drugs to kids, and that had petitioner's counsel corrected the incorrect statement, "the possibility of the trial judge sentencing the petitioner within the guidelines would have been a[] consideration." Pet. 4.

In dismissing petitioner's claim, the Supreme Court of Virginia held that this claim failed to satisfy the "prejudice" prong of Strickland. Williams, No. 081643. As the Court noted, the record, including the sentencing orders, demonstrates that petitioner's sentences were within the range set by the legislature in Virginia Code §§ 18.2-248 and 18.2-255.2. In Virginia, a conviction for possession with intent to distribute cocaine mandates that the defendant "shall upon conviction be imprisoned for not less than five nor more than 40 years . . . ." Va. Code § 18.2-248(C). A conviction for distribution of a controlled substance on school property requires a sentence of not less than one year nor more than five years. Va. Code § 18.2-255.2(B). Here, petitioner was

sentenced to twenty years for the former charge, with ten years suspended, and five years for the latter charge, with four years suspended. Moreover, petitioner failed to allege how the sentences he received would have been different if counsel had corrected the trial court. In fact, although petitioner makes the conclusory claim in his federal petition that "the possibility of the trial judge sentencing the petitioner within the guidelines would have been a[] consideration" if counsel had objected, he failed to allege any prejudice in his state habeas petition. As a result, petitioner did not demonstrate that there was a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. Thus, rejection of this claim by the Supreme Court of Virginia was not contrary to, nor an unreasonable application of Strickland, and this claim will be dismissed.

In Claim A(3), petitioner's fourth claim in his state habeas corpus petition, petitioner alleges that counsel was ineffective for failing to object when the prosecution's witnesses made contradictory statements at trial. Pet. 6-7. Petitioner cites to a statement made by Officer Johnson, in which he testifies that he did not see any other individual near petitioner when Officer Wynne approached him. Pet. 7; Trial Tr. 25-26. However, petitioner adds that when Officer Wynne testified, he stated that upon initial contact with petitioner, he did see "another guy but he didn't fit the description the radio message" gave to Wynne. Pet. 7; Trial Tr. 33-34. Petitioner asserts that "had the petitioner's counsel timely objected towards the prosecution witnesses['] untrue statements, the[n] just maybe the court would have sustained, however, counsel for petitioner did not object, therefore, petitioner's counsel did render ineffective assistance . . . ." Pet. 7.

The Supreme Court of Virginia held that petitioner's claim failed to satisfy both prongs of the Strickland test. First, petitioner failed to indicate what counsel should have objected to in either

Johnson or Wynne's testimony, and on what grounds. Rather, petitioner states only that counsel should have objected to highlight the inconsistencies. Nonetheless, even though counsel did not object, the transcript reflects that counsel did, during closing arguments, highlight some inconsistencies in the testimony of the officers that were relevant to petitioner's defense. Trial Tr. 38. Thus, there is nothing to suggest that counsel's actions were not reasonable. Second, petitioner did not assert how, but for counsel's alleged errors, the result of the trial would have been different. From the record, there is nothing to suggest that presence of another individual at the scene would have been material to petitioner's trial, as petitioner was positively identified as the man who sold cocaine to Agent McMorris. Trial Tr. 9, 17-18, 28. As a result, dismissal of this claim by the Supreme Court of Virginia was not contrary to, nor an unreasonable application of Strickland, and this claim will be dismissed.

## V. Conclusion

For the reasons stated above, respondent's Motion to Dismiss will be granted, and this petition will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 1st day of March 2010.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia